STATE of Missouri,
Plaintiff-Respondent,

v.

Larry Wayne HANKINS,
Defendant-Appellant.

No. 14333.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 4, 1986.

Thomas E. Mountjoy, Pros. Atty., John
Kelly Martin, Asst. Pros. Atty., Springfield,
for plaintiff-respondent.

Donald L. Clough, Springfield, for defendant-appellant.

FOREST W. HANNA, Special Judge.

Larry Wayne Hankins was found guilty
by a jury of two counts of the class A
misdemeanor of assault in the third degree,
§ 565.070,[1] for which the trial court as-

---

1.  All references to statutes are to RSMo 1978,   V.A.M.S.

sessed a $500 fine on each count. The charges involved assaults by Hankins on John Ellis and Daniel Offield by means of fisticuffs.

Hankins' sole point on appeal is that the trial court erred in refusing to give defense of property instructions to both charges. MAI–CR 2.43 is the use of force in defense of property instruction which was tendered to the court and refused. The property Hankins claims he was protecting was his family's Doberman pinscher.

A summary of the facts leading to the charge of assault are as follows. John Ellis and Daniel Offield were driving down the street where Hankins and Offield both lived when a Doberman pinscher came through a hedge bordering Hankins' property, and jumped at and hit the left rear quarter panel of Ellis' automobile. The following day, Ellis discovered damage to his car in the area hit by the dog. Ellis and Offield went to Hankins' home to discuss the damage to Ellis' automobile. The duo met Hankins on his driveway. The facts are disputed at this point. Offield and Ellis both testified that Hankins demanded that they get off of his property, and began, without provocation, beating on both young men. Hankins denied it was his Doberman that charged Ellis' car, and testified that either Ellis or Offield made a statement about killing his dog, and then they both began beating on him.

It is necessary to review the evidence in the light most favorable to defendant's position in determining whether the defense of property instructions should have been given. A brief recitation of Hankins' testimony presents the events leading up to the assaults and capsulize the reason for the right. The defendant gave the following testimony:

A. And the other one, the friend who came down there with him, said, 'And we'll just kill the dog.' I said, 'Just get on off the property. It's posted. Now get. Now.' And they looked— This one looked at the other one and the one just hit me.

Q. Okay. And then what happened?

A. I pushed them back. And they— One of them jumped on my back and the other one was trying to hit me. So we started fighting.

Later in defendant's testimony, he answered a question.

A. The one—The one that came down there with him is the one that said, 'Going to kill the dog,' and then hit me.

. . . .

Q. Just for no reason?

A. Because I was telling them to get on out of there now, I guess.

Q. Yeah.

A. That's really the only thing I did do.

It was on these facts that the trial court was presented with two modified MAI–CR 2.43 instructions. The instructions have their genesis in § 563.041. That statute allows a person to use physical force upon another to protect against the commission or attempted commission of a crime against his property.

The instructions were properly refused. The instructions and the law require that Hankins reasonably believed that Ellis and Offield were attempting to kill his dog, and reasonably believed it was necessary to use such physical force as he used in order to prevent harm to his dog. There was no evidence presented at the trial that the Doberman was anywhere to be found in the vicinity or near the parties involved in the altercation at the time the assaults took place. Under those circumstances, there was not a factual basis for Hankins to believe there was to occur any damage or attempted damage to his dog. In fact, Hankins' own testimony was that the fight broke out because he told Offield and Ellis to get off his property. There was nothing to lead the court to believe, or from which it could infer, that Hankins was protecting the dog. There was no basis for Hankins to believe it was necessary to use physical force in order to prevent harm to the dog.

In the case of *State v. Schilling*, 212 S.W.2d 96, 99 (Mo.App.1948), the court recognized the right of one to "lawfully use that amount of force which is necessary,

under the circumstances, for the protection of his property, either real or personal...." The legal sufficiency of the evidence supporting such an instruction submitting the defense of property issued to the jury is, in the first instance, for the court. *State v. Grier*, 609 S.W.2d 201, 203 (Mo.App.1980). A defense instruction must be given when there is evidence adduced to support it. *State v. Adkins*, 537 S.W.2d 246, 249 (Mo.App.1976); *State v. Thomas*, 625 S.W.2d 115, 122 (Mo.1981). It is properly refused when not supported by the issues and evidence in the case. *State v. Tellis*, 310 S.W.2d 862, 866 (Mo.1958). There is no evidence in this case to support the giving of the two proposed instructions.

Judgment affirmed.

GREENE, P.J., and WM. H. PINNELL, Special Judge, concur.